**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT BRYAN,

    Plaintiff,

v.                                                                              Case No. 02-CV-74921-DT
                                                                                HONORABLE DENISE PAGE HOOD
WAYNE DISPOSAL, INC.,
GSE LINING TECHNOLOGY, INC.,
KURT WARNING and NEYER, TISEO
AND HINDO, LIMITED,

    Defendants,
_____

GSE LINING TECHNOLOGY, INC.,

    Cross-Plaintiff,

v.

TRUCKERS EXPRESS, INC.,

    Cross-Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
**REGARDING MOTIONS FOR SUMMARY JUDGMENT**
**AND**
**NOTICE OF STATUS CONFERENCE**

**I.      BACKGROUND**

    Plaintiff Robert Bryan originally filed the instant action against Defendants Wayne Disposal, Inc. and GSE Lining Technology, Inc. before the Wayne County Circuit Court, State of Michigan. On December 12, 2002, Defendant Wayne Disposal removed the matter based on diversity jurisdiction, 28 U.S.C. §§ 1332, 1441(a) and 1446. Plaintiff amended the Complaint on three

occasions since the removal of the case–January 22, 2004, January 31, 2005 and July 28, 2005.

On February 9, 2005, Defendant GSE Lining Technology, Inc. filed a Third-Party Complaint against Truckers Express, Inc. Plaintiff added Defendants Kurt Warning and Neyer, Tiseo and Hindo, Limited on July 28, 2005.

In July 2002, Plaintiff, an over-the-road truck driver, went to Defendant GSE's facility in Houston, Texas, for the purpose of loading a trailer of rolls of environmental filtering plastic from Defendant GSE, to Defendant Wayne Disposal, located in Michigan. (Third Am. Comp., ¶¶ 7-8) The rolls were loaded by employees and/or agents of Defendant GSE into the trailer. (Third Am. Comp., ¶¶ 8-9) Upon Plaintiff's arrival at Defendant Wayne Disposal in Michigan, he was instructed by Defendant Warning, an employee or agent of Defendant Wayne Disposal, to pull the truck and trailer into the unloading area and began removing the straps from Plaintiff's load. (Third Am. Comp., ¶ 11) As Plaintiff unstrapped the rolls, two of the rolls tumbled from the trailer, landed on Plaintiff, resulting in injuries to Plaintiff. (Third Am. Comp., ¶ 12)

Plaintiff alleges three claims in his Third Amended Complaint:[1] Negligence of Defendant GSE (numbered Count III), Negligence of Defendant Wayne Disposal (numbered Count IV) and Negligence of Defendants Warning and Neyer, Tiseo and Hindo, Ltd. (numbered Count V). GSE's Third-Party Complaint against Truckers Express alleges two counts: Restitution for Breach of Contract (Count I) and Breach of Contract (Count II). Both Defendants Wayne County Disposal and GSE Lining filed dispositive motions on Plaintiff's Complaint. Plaintiff filed his responses to

---

[1] Plaintiff's Third Amended Complaint sets forth six (6) counts. Only three of the six counts allege claims. Count III alleges Negligence of Defendant GSE Lining Technology, Inc., Count IV allges Negligence of Defendant Wayne Disposal, Inc. and Count V alleges Negligence of Defendants Warning and Neyer, Tiseo and Hindo, Ltd. Count I sets forth the jurisdiction, Count II, the common allegations and Count VI, the damages.

the motions and oral arguments were held.

## II.     ANALYSIS

### A.     Standard

Rule 56(c) of the Rules of Civil Procedure provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.     GSE's Motion for Summary judgment**

    **1.     Duty**

Defendant GSE argues that Plaintiff cannot establish a *prima facie* case of negligence because Plaintiff cannot show duty and proximate cause. Defendant GSE claims that the incident did not occur on its property and that Defendant Warning, who is not employed by GSE, was the individual who Plaintiff spoke to about unloading the rolls from Plaintiff's trailer.

In response, Plaintiff claims that Defendant Warning's involvement does not release Defendant GSE's liability because Defendant GSE's employees were the ones who loaded the rolls onto the vehicle. Defendant GSE's actions were independent of Defendant Warning's actions. Plaintiff claims that under the Federal Motors Carriers Safety Act, 49 U.S.C. § 14103, and OSHA Regulations, Defendant GSE has the obligation to load the cargo in a reasonably safe manner, citing *Pierce v. Cub Cadet Corp.,* 875 F.2d 866, 1989 WL 47446 (6th Cir. May 9, 1989)(unpublished).

Generally, negligence is conduct involving an unreasonable risk of harm. The elements of a negligence cause of action are: 1) duty; 2) general standard of care; 3) specific standard of care; 4) cause in fact; 5) legal or proximate cause; and, 6) damage. *Moning v. Alfono*, 400 Mich. 425, 437 (1977). In Michigan, the initial question in a negligence action is whether the defendant owed a legal duty to the plaintiff. *Johnson v. Bobbie's Party Store*, 189 Mich. App. 652, 659 (1991). The threshold issue of the duty of care in negligence actions must be decided by the trial court as a matter of law. *Antcliff v. State Employees Credit Union*, 414 Mich. 624 (1982); *Moning*, 400 Mich. at 437. (1977). Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Moning,* 400 Mich. at 438-39. Duty may be established specifically by mandate of statute, or it may

4

arise generally by operation of law under application of the basic rule of the common law, which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others. *Clark v. Dalman*, 379 Mich. 251 (1967). The duty question does not include the nature of the obligation--the general standard of care and the specific standard of care. *Moning*, 400 Mich. at 437.

In determining whether a duty exists, courts examine a wide variety of factors, including the relationship of the parties. *Shultz v. Consumers Power Co.*, 443 Mich. 445, 450 (1993). More importantly, for a duty to arise, there must exist a sufficient relationship between the plaintiff and the defendant. *Id.* To require the actor to act, some sort of relationship must exist between the actor and the other party which the law or society views as sufficiently strong to require more than mere observation of the events which unfold on the part of the defendant. *Id.* It is the fact of existence of this relationship which the law usually refers to as a duty on the part of the actor. *Id.*[2]

Defendant GSE did not address the duty issue in its brief in relation to the Federal Motors Carriers Safety Act or the OSHA Regulations cited by Plaintiff in his response brief or in Plaintiff's newly-amended Third Amended Complaint. The Court notes that neither party cited any case law specifically holding that the Federal Motors Carriers Safety Act or OSHA Regulations creates a duty between a shipper and the carrier. The case cited by Plaintiff, *Pierce, supra,* held that the Federal

---

[2] For example, a landlord must inspect a premises to keep it in a reasonably safe condition. *Lipsitz v. Schechter*, 377 Mich. 685 (1966). Physicians must keep reasonably abreast of current advances in their field. *Koch v. Gorrila*, 552 F.2d 1170 (6th Cir. 1977). Manufacturers must diligently inspect their products to discover lurking dangers. *Livesley v. Continental Motors Corp.*, 331 Mich. 434 (1951). Lastly, a carrier owes to its passengers the duty of discovering all detectable defects. *Trent v. Pontiac Transportation Co., Inc.*, 281 Mich. 586 (1937).

Motor Carriers Safety Act did not apply to the shipper in that case. *Pierce,* 1989 WL 47446, at \*\*3. However, it appears that the Act has since been amended. *See Jessep v. Jacobson Transportation Co., Inc.,* 350 F.3d 739, 742 (8th Cir. 2003). The specific statute cited by Plaintiff, 49 U.S.C. § 14103(a) appears to contemplate that the shipper (and receiver) and the carrier are expected to enter into contractual agreements as to who will be responsible for loading or unloading a vehicle. *Id.* In Michigan, in an employer-employee relation, regulations such as OSHA, are not to be construed to enlarge or affect common-law duties or liabilities. *See Zalut v. Andersen & Associates, Inc.,* 186 Mich. App. 229, 235 (1990). However, a violation of occupational safety statutes may be used as evidence of negligence, specifically, the standard of care element in a negligence action, but does not affect or enlarge or affect the common-law duties or liabilities of the alleged wrongdoer. *Id.* at 236. Based on the Michigan law cited above, violation of a regulation, does not create a "duty" on behalf of the alleged wrongdoer.

The case cited by Plaintiff, *Pierce*, states, "if and when a shipper assumes the responsibility for loading its property on a motor vehicle, [it has] the duty to exercise reasonable care to see that the load is properly secured." *Pierce,* 1989 WL 47446, at \*\*4. *Pierce* applied Kentucky negligence law. Plaintiff does not cite any case interpreting Michigan law (or Texas law where the rolls were loaded) as to a duty of a shipper to the carrier, but neither does Defendant GSE. Based on the "general" negligence law in Michigan, it appears that a common law "duty" exists between a shipper and a carrier for a shipper to properly secure the load on a motor vehicle. *Id.*

    **2.**    **Causation**

With regards to causation, the evidence shows there is a genuine issue of material fact as to whether or not Defendant GSE caused the injury. Plaintiff at his deposition testified that a GSE

6

employee told Plaintiff that the rolls were fine and that stakes and wraps were not required to secure the rolls. (Plaintiff's Dep., pp. 76-79; 178-181) GSE employees loaded the rolls of lining onto the truck and determined the method of how to stack the rolls. (Plaintiff's Dep., pp. 73-74) GSE's own employees testified about the manner in which the rolls were loaded and that Plaintiff had no say on how to place the rolls or where to place the straps. (Chuun Dep., pp. 23, 24); Singleton Dep. p. 37) Plaintiff claims he was given no instructions by GSE regarding how to untie the straps when off-loading the rolls and was told by a GSE employee that there would be a crane present to unload the truck. (Plaintiff's Dep., p. 77) A GSE employee testified that it would be "suicide" to simply unstrap the load. (Chuun Dep., p. 54) Based on the evidence submitted by the parties, there are genuine issues of material fact as to the causation element.

### 3. Standard of Care

As noted above, violations of any safety regulation may be used as evidence on the standard of care element. Defendant GSE has not responded to Plaintiff's claim that Defendant GSE violated the Federal Motors Carriers Safety Act or OSHA Regulations. Based on Plaintiff's allegations in the Third Amended Complaint that Defendant GSE violated the Federal Motors Carriers Safety Act and the deposition testimony of Plaintiff, there are genuine issues of material fact as to whether or not Defendant GSE failed to exercise reasonable care in loading the rolls. Defendant GSE's Motion for Summary Judgment is denied.

### C. Wayne Disposal's Motion for Summary judgment

### 1. Duty

Defendant Wayne Disposal argues that there exists no duty between Wayne Disposal, as the receiver, and Plaintiff, the carrier. Defendant Wayne Disposal argues that based on the testimony

of Defendant Warning, who is not an employee of Wayne Disposal, Defendant Warning was the person who spoke with Plaintiff when Plaintiff arrived at the site. Defendant Wayne Disposal argues it is not vicariously responsible for any of Defendant Warning's actions.

In response to the duty argument, Plaintiff cites the case, *Coleman v. Western Elec. Co.,* 671 F.2d 980 (6th Cir. 1982), involving the obligation of a trucker unloading cargo, and the absence of safety devices when unloading. The case applied Michigan negligence law and discussed the issues of comparative and contributory negligence. Plaintiff admits that the duty question was not an issue in the *Coleman* case but argues that the conclusion of the Sixth Circuit in upholding the jury verdict in favor of the plaintiff supports Plaintiff's argument that duty is owed by a receiver to the carrier to provide appropriate devices for unloading. In *Coleman,* the Sixth Circuit affirmed the jury's finding that the defendant receiver failed to provide adequate safety devices so that the trucker could safely unload the cargo. *Id.* at 980.

For the reasons set forth in the GSE discussion above and the *Coleman* case, it appears that Michigan law recognizes a common law duty between the receiver and carrier in the unloading of cargo. Defendant Wayne Disposal is not entitled to summary judgment based on lack of duty.

      **2.**    **Causation**

With regards to causation, although it appears from the evidence submitted by the parties that no Wayne Disposal employee instructed or assisted Plaintiff in the unloading of the rolls, based on the *Coleman* case, a receiver has the duty to provide safety devices when unloading. Plaintiff argues that Wayne Disposal had the duty to implement safety procedures and the appropriate equipment to unload the rolls which Wayne Disposal had purchased to line its landfills. Plaintiff testified that there were no cranes or other equipment to unload the truck upon his arrival at the site owned by

Wayne Disposal. (Plaintiff's Dep., pp. 67-68) There is a genuine issue of material fact regarding whether the lack of any equipment present to assist with the unloading of the rolls at the site was caused by Wayne Disposal.

### 3. Standard of Care

As previously discussed, violations of any safety regulation may be used as evidence as to the standard of care element. Wayne Disposal has not responded to Plaintiff's argument that it violated the Federal Motors Carriers Safety Act or OSHA Regulations when it failed to have any equipment on its property, as a receiver, to assist in the unloading of the cargo. Based on Plaintiff's allegations that Defendant Wayne Disposal violated the Act or OSHA Regulations, Plaintiff's deposition testimony, and the *Coleman* case cited above, there is a genuine issue of material fact regarding whether Defendant Wayne Disposal failed to exercise reasonable care in the unloading of the rolls.

### 4. Defendant Warning

Defendant Wayne Disposal argues that there is no dispute that Defendant Warning, who is not an employee of Wayne Disposal, was the person who spoke with Plaintiff about unloading the cargo upon Plaintiff's arrival. Plaintiff argues that there is a question of fact as to "who" the person was and whether that person is employed by Defendant Wayne Disposal. Wayne Disposal's response to interrogatories states that it has no record or knowledge of any of its employees instructing Plaintiff to unstrap and offload the delivery and that, at most, its personnel would have instructed Plaintiff to park and wait for assistance offloading the truck. (Plaintiff's Ex. K, Wayne Disposal's Ans. to Interrog.) Even if Defendant Warning was the individual Plaintiff claims instructed him to unstrap the load, Plaintiff claims Defendant Warning was acting as an "agent" of

Defendant Wayne Disposal.

In Michigan, three factors must be met to establish ostensible agency: 1) the person dealing with the agent must do so in the belief in the agent's authority; and, this belief must be reasonable; 2) the belief must be generated by some act or neglect on the part of the principal sought to be charged; and, 3) the person, in relying on the agent's authority must not be guilty of negligence. *Grewe v. Mt. Clemens General Hosp.,* 404 Mich. 240 (1978). Defendant Wayne Disposal did address the agency argument in its brief.

At his deposition, Defendant Warning testified that he was in the open "cell" of the landfill, from which he came down and spoke to Plaintiff. The "cell" is a large, outdoor, open area, being developed for the land fill, not an office. Defendant Warning testified that he does not know if Plaintiff had any prior direction from anyone on the site before Defendant Warning spoke to Plaintiff. (Warning Dep., pp. 23-26) It is Plaintiff's testimony that someone from a job trailer emerged and instructed Plaintiff to unstrap the load. (Plaintiff's Dep., pp. 67-68; 83-84)

Defendant Warning testified that Wayne Disposal retained his employer, Neyer, Tiseo and Hindo, Limited, as environmental consultants, to ensure quality control in regards to the environmental issues. Defendant Warning's job is quality control and he worked full time at the site during the construction activity for about two years. Defendant Warning testified that he checked each truck and the certification of the rolls on the truck. (Warning Dep., pp. 6-10; 18)

Based on the evidence submitted by the parties, there is a genuine issue of material fact as to whether Defendant Warning was the individual who instructed Plaintiff to unstrap the load which caused Plaintiff's injury and whether Defendant Warning was acting as an agent on behalf of Defendant Wayne Disposal. Defendant Wayne Disposal's Motion for Summary Judgment is denied.

**III.  CONCLUSION**

For the reasons set forth above, Defendants GSE Lining Technology and Wayne Disposal's Motions for Summary Judgment are denied.

Accordingly,

IT IS ORDERED that Defendant GSE Lining's Motion for Summary judgment **(Docket No. 44, filed May 6, 2005)** is DENIED.

IT IS FURTHER ORDERED that Defendant Wayne Disposal's Motion for Summary Judgment **(Docket No. 45, filed May 12, 2005)** is DENIED.

IT IS FURTHER ORDERED that a Status Conference be held in this matter on **Monday, April 4, 2006, 2:45 p.m.**

    /s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: January 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis  
Case Manager