UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT BRYAN,**

    **Plaintiff,**

                                Case No. 02-74921-NZ

v.

                                **HONORABLE DENISE PAGE HOOD**

**WAYNE DISPOSAL, INC., et. al.,**

    **Defendants.**

**and**

**GSE LINING TECHNOLOGY, INC.,**

    **Defendant and Third-Party Plaintiff,**

v.

**TRUCKERS EXPRESS INC.**

    **Third-Party Defendant.**
_____/

**ORDER DENYING DEFENDANT GSE LINING TECHNOLOGY, INC.'S
MOTION FOR RECONSIDERATION**

**I.**    **BACKGROUND**

This matter is before the Court on Defendant and Third-Party Plaintiff, GSE Lining Technology, Inc.'s Motion for Reconsideration of this Court's January 31, 2006 Memorandum Opinion and Order regarding Motions for Summary Judgment, filed on February 13, 2006.

1

**II.    MOTION FOR RECONSIDERATION**

Proceeding to Defendant's arguments in its Motion for Reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provide that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only *demonstrate a palpable defect* by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3) (emphasis added). This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer* v. *Davis*, 317 F. 3d 686, 691 (6th Cir. 2003).

Defendant merely restates the argument set forth in its Motion for Summary Judgment, that is, that Plaintiff cannot state a cause of action based upon a theory of negligence against Defendant. The Court has already reviewed Defendant's Motion for Summary Judgment and concluded that based upon Michigan's negligence law, it appears that a duty exists between a shipper and a carrier for a shipper to properly secure the load on a motor vehicle, that fact issues exist in regard to causation, as well as whether or not Defendant failed to exercise reasonable care in loading the rolls. Defendant asserts that its Motion for Summary Judgment and subsequent oral argument were based upon Plaintiff's Second Amended Complaint, and the Court, in rendering its decision relied on Plaintiff's Third Amended Complaint, which was filed after Defendant filed and argued its Motion for Summary Judgment. Defendant concedes, however, that Plaintiff's theory of Defendant's liability remains fundamentally unchanged in Plaintiff's Third Amended Complaint.

As such, Plaintiff has failed to demonstrate a "palpable defect" by which this Court has been

misled or otherwise demonstrated that it is entitled to a contrary outcome than that reached by this Court in its Order filed January 31, 2006.

### III.     CONCLUSION

Accordingly,

IT IS ORDERED that Defendant and Third-Party Plaintiff, GSE Lining Technology, Inc.'s Motion for Reconsideration of this Court's January 31, 2006 Memorandum Opinion and Order regarding Motions for Summary Judgment **[Docket No. 65, filed February 13, 2006]** is DENIED.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  October 10, 2006

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing Order Denying Defendant GSE Lining Technology, Inc.'s Motion for Reconsideration was served on the attorneys of record herein by electronic means or U.S. Mail on **October 10, 2006**.

s/Kim Grimes
Acting in the absence of
William Lewis, Case Manager