UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT BRYAN,**

       Plaintiff,

                                          Case No. 02-74921-NZ
                                          HONORABLE DENISE PAGE HOOD

v.

**WAYNE DISPOSAL, INC., et. al.,**

       Defendants.

and

**GSE LINING TECHNOLOGY, INC.**

       Defendant and Third-Party Plaintiff,

v.

**TRUCKERS EXPRESS INC.**

       Third-Party Defendant.
_____/

**ORDER DENYING DEFENDANTS KURT WARNING AND NEYER, TISEO, AND HINDO, LTD.'S MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND**

       This matter is before the Court on Defendants Kurt Warning and Neyer, Tiseo, and Hindo, Ltd.'s (NTH) Motion for Summary Judgment, filed on June 27, 2006. Plaintiff filed a Response and Brief in Opposition to Defendants Kurt Warning, and Neyer, Tiseo, Hindo's Motions for Summary Judgment, filed on July 31, 2006. A hearing on this matter was held on August 16, 2006. For the reasons set forth below, Defendants' Motion for Summary Judgment is DENIED.

1

**II      STATEMENT OF FACTS**

The instant matter arises out of an accident occurring at Defendant Wayne Disposal's landfill site located in Belleville, Michigan.  Plaintiff brought the instant action against Defendants Wayne Disposal, Inc. and GSE Lining Technology alleging that Defendants were negligent. On July 28, 2005, Plaintiff filed a Third Amended Complaint asserting a negligence claim against Defendants Kurt Warning and Neyer, Tiseo, & Hindo, Ltd.

In July 2002, Plaintiff an over-the-road truck driver, went to Defendant GSE's facility in Houston, Texas, for the purpose of loading a trailer of rolls of environmental filtering plastic from Defendant GSE, that were to be delivered to Defendant Wayne Disposal, located in Michigan.  Upon Plaintiff's arrival at Defendant Wayne Disposal's landfill site, Plaintiff alleges that he was instructed by Defendant Warning, an employee of NTH[1] in the position of Senior Environmental Technician at the Wayne Disposal landfill site, to pull his truck and trailer into the unloading area and begin removing the straps holding the rolls of environmental filtering plastic.  As Plaintiff proceeded to unstrap the rolls, two of the rolls tumbled from the trailer, landed on Plaintiff, resulting in injuries to Plaintiff.

On January 31 2006, this Court issued a Memorandum Opinion and Order denying both Defendants GSE Lining Technology's and Wayne Disposal's Motions for Summary Judgment.  In the January 31, 2006 Order, this Court held that "there is a genuine issue of material fact as to whether Defendant Warning was the individual who instructed Plaintiff to unstrap the load which caused Plaintiff's injury" as well as whether Defendant Warning was acting as an agent on behalf of

---

[1] According to Defendant Wayne Disposal's Manager, NTH was the "engineering firm that was providing CQA for the project, certified qualified assurance for the project." (Defs.' Kurt Warning and NTH Ltd.'s Mot. for Summ. J., Ex. F)

Defendant Wayne Disposal.

### III.     APPLICABLE LAW & ANALYSIS

####     A.     Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission

to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### B.      Defendants' Motion for Summary Judgment

Defendants Warning and NTH argue that summary judgment is appropriate because there is no genuine issue of material fact that Defendant Kurt Warning was not and could not have been the individual who gave Plaintiff the instructions to begin unstrapping the load of rolls once he arrived at Defendant Wayne Disposal's landfill site. Defendants argue that the absence of a genuine issue of material fact is demonstrated by Plaintiff's testimony and the Affidavit of Kurt Warning. Defendants rely on Plaintiff's Response to Defendant Wayne Disposal's Motion for Summary Judgment where, according to Defendant, Plaintiff asserted that the evidence was overwhelming that it was not Defendant Kurt Warning who gave Plaintiff the instruction to unstrap his load. Defendants misrepresent the arguments in Plaintiff's Response and ignore Plaintiff's statement that:

> Plaintiff denies, as untrue that the Complaint alleges that Kurt Warning was the individual who negligently instructed Bryan to unstrap his load; Plaintiff did not allege this, and *there is a clear question of fact as to whether it was Warning, or a Wayne Disposal employee, who gave Bryan these instructions*.

(Emphasis added)(Pl.'s Resp. to Def. Wayne Disposal Inc.'s Mot. for Summ. J., p. 2)  Defendants argue that Plaintiff's physical description of the individual who instructed him to begin unstrapping his load demonstrates that this individual could not have been Defendant Kurt Warning. Plaintiff testified during his deposition that the individual had dark hair and was a younger guy. (Defs.' Kurt Warning and NTH Ltd.'s Motion for Summ. J., Ex. D). Defendants argue that Mr. Warning was 41 years old at the time of the accident and has medium to light brown hair. (Defs.' Kurt Warning and NTH Ltd.'s Motion for Summ. J., Ex. A, Aff. of Kurt Warning)  Defendant Warning also argues that if he had been asked during his deposition whether he directly gave Plaintiff the instruction to

unstrap his load, that he would have unequivocally denied doing so.

Plaintiff counters that it still remains a question of fact as to whether Defendant Warning instructed Plaintiff to unstrap the load. Plaintiff further argues that even if Defendant Warning wasn't the individual who instructed Plaintiff to unstrap his rolls that Defendants Warning and NTH are still liable because they are agents of Defendant Wayne Disposal, as Defendants Warning and NTH were employed by Defendant Wayne Disposal as environmental consultants. As environmental consultants, Defendant Warning and NTH were required to ensure quality control in regard to environmental issues at the landfill site, and to oversee the operation of unloading and installation of the loads of lining materials at the landfill site.

This Court previously held in its January 31, 2006 Memorandum Opinion and Order that a genuine issue of material fact exists as to whether Defendant Warning was the individual who instructed Plaintiff to unstrap the load, as well as whether Defendant Warning was acting as an agent on behalf of Defendant Wayne Disposal. Plaintiff has produced sufficient evidence requiring submission of the issue to the jury. While Defendant Warning's affidavit asserts that he never so instructed Plaintiff, it remains a question of fact as to whether he in fact did instruct Plaintiff to begin unstrapping his load. The jury should be given the opportunity to evaluate whether Plaintiff's description of the man who gave him the instruction, could arguably be Defendant Warning. This Court cannot hold as a matter of law that it was not Defendant Warning who instructed Plaintiff to unstrap his load. The Motion for Summary Judgment is denied.

**IV.    CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants Kurt Warning and Neyer, Tiseo, and Hindo, Ltd.'s Motion

for Summary Judgment [**Docket No. 69, filed on June 27, 2006**] is DENIED.

                                                     /s/ Denise Page Hood
                                                     DENISE PAGE HOOD
Dated: March 28, 2007                             United States District Judge

      I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2007, by electronic and/or ordinary mail.

                                                     S/William F. Lewis
                                                     Case Manager